OPINION
{¶ 1} Defendant-appellant James T. Bryant, Jr., appeals from an order of the trial court classifying him as a sexual predator. Bryant contends that the sexual offender classification hearing did not meet the requirements of R.C. 2950.09(B)(2), in that no evidence was presented and no witnesses were examined. Because the pre-sentence investigation and forensic evaluation were admitted in evidence at the second hearing by stipulation, we conclude that Bryant's assertion that no evidence was presented is incorrect. Although the trial court was not obliged to consider additional evidence, it did give the prosecutor and the defendant the opportunity to present new evidence at Bryant's second hearing. Both parties declined to present additional evidence. The trial court judge presided over both of Bryant's hearings, and was free to re-examine the evidence it had before it at Bryant's first hearing.
 {¶ 2} Bryant also contends that the sexual offender classification hearing did not meet the requirements of R.C.2950.09(B)(2), in that portions of the admitted documents were not identified to show, by clear and convincing evidence, that Bryant is likely to engage in sexually oriented offenses in the future. Specifically, Bryant contends that "he was not provided a hearing in which the Prosecutor identified on the record those portions of the Trial transcript, victim impact statements, pre-sentence report, and other pertinent aspects of Defendant's criminal and social history that both relate to the factors set forth in O.R.C. 2950.09(B)(2) which are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offense [sic]. Neither did the Court identify any such portions of the record."
 {¶ 3} We conclude that a record was created for review in this case. Both parties stipulated to the pre-sentence investigation and forensic evaluation being admitted. The same trial judge presided over the jury trial and both sexual offender classification hearings, and the trial court indicated that it reviewed the record, the pre-sentence investigation, the victim impact statements and forensic evaluation in making its decision. We conclude that a record of what evidence or testimony was considered was preserved for purposes of appeal.
 {¶ 4} We also conclude that the trial court considered the statutory factors listed in R.C. 2950.09(B)(2) and discussed on the record the particular evidence and factors upon which it relied in making its determination regarding the likelihood of recidivism. The trial court indicated that it reviewed the record, the pre-sentence investigation, the victim impact statements and forensic evaluation in making its decision. The trial court then made findings corresponding to each factor. We conclude that the trial court identified the particular evidence and factors listed in R.C. 2950.09(B)(2) upon which it relied.
 {¶ 5} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 6} This case has been before this court on a previous direct appeal. See, State v. Bryant, Montgomery App. No. 18846, 2003-Ohio-609. The following facts were set forth in our prior opinion:
 {¶ 7} "After a jury found James Bryant guilty as charged of rape by force or threat of force, the trial court sentenced Bryant to eight years imprisonment and determined that he was a sexual predator.
 {¶ 8} "Appointed appellate counsel filed an Anders brief October 30, 2001. Bryant filed a pro se brief January 16, 2002, to which the state responded April 8, 2002. Although we found no merit in Bryant's pro se assignments of error, we did appoint successor appellate counsel to address `certain deficiencies in the sexual predator determination,' citing State v. Eppinger
(2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881 and State v.Marshall (Nov. 16, 2001), Montgomery App. No. 18587." Id. at ¶¶ 1, 2.
 {¶ 9} We then addressed the identified issue and concluded that "the trial court applied the wrong evidentiary standard."Id. at ¶ 12. We reversed the sexual predator determination and remanded the case "for consideration of the evidence against a clear and convincing evidence standard." Id. Based on our resolution, we found "it would be premature for us to now consider the weight of the evidence issue." Id. at ¶ 13.
 {¶ 10} On remand, the trial court held a sexual offender classification hearing in March, 2003, and again classified Bryant as a sexual predator. From the trial court's judgment classifying him as a sexual predator, Bryant appeals.
 II {¶ 11} Bryant's sole Assignment of Error is as follows:
 {¶ 12} "It is error for the trial court to classify a defendant as a sexual predator where the hearing conducted on that matter does not meet the requirements of O.R.C.2950.09(B)(2) in the following specifies:
 {¶ 13} "A. No evidence is presented.
 {¶ 14} "B. No witnesses are examined.
 {¶ 15} "C. Where no identifies [sic] on any record the portions of documents that are probative to a `clear and convincing' standard that the defendant is likely to engage in future sexually oriented offenses."
 {¶ 16} The Ohio Supreme Court has adopted a model procedure for sexual offender classification hearings, focusing on three objectives: "First, it is critical that a record be created for review. * * * Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger,91 Ohio St.3d 158, 166, 2001-Ohio-247, 743 N.E.2d 881. In order to classify a sexual offender as a sexual predator, "the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." Id. at 163, citing R.C. 2950.01(E); R.C.2950.09(B)(3).
 {¶ 17} Bryant contends that the trial court erred in classifying him as a sexual predator, because the hearing did not meet the requirements of R.C. 2950.09(B)(2), in that no evidence was presented and no witnesses were examined.
 {¶ 18} R.C. 2950.09(B) states, in pertinent part, as follows:
 {¶ 19} "(2) * * * At the hearing, the offender or delinquent child and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender or delinquent child is a sexual predator." (Emphasis added.)
 {¶ 20} Thus, it is not necessary that the prosecutor and the defendant present evidence or examine witnesses, but they must have the opportunity to do so. At the hearing, the trial court stated as follows:
 {¶ 21} "THE COURT: Since the — it's the understanding of the Court that the parties are still willing to stipulate to pre-sentence investigation as well as to the report of the forensic center?
 {¶ 22} "* * *
 {¶ 23} "MR. SAYLERS: Yeah, that's correct Your Honor.
 {¶ 24} "MR. COX: That is correct Your Honor. It's my understanding from discussion with the prosecutor there is no new evidence other than what the court had before the court at the time the original decision was made by this Court.
 {¶ 25} "MR. SAYLERS: That's correct. I understand that we're here just to have Court reexamine what was available on that date.
 {¶ 26} "THE COURT: And does the defendant or the State wish to present any additional testimony?
 {¶ 27} "MR. SAYLERS: No Your Honor.
 {¶ 28} "MR. COX: The defense. No Your Honor."
 {¶ 29} Although the trial court was not obliged to consider additional evidence, it did give the prosecutor and the defendant the opportunity to present new evidence at Bryant's second hearing. In our prior decision, we remanded this case to the trial court "for consideration of the evidence against a clear and convincing evidence standard." Bryant, 2003-Ohio-609, at ¶ 12. This does not necessarily mean for consideration of "new" evidence against a clear and convincing standard, although both parties were given the opportunity by the trial court to present new evidence. On remand, "the trial court * * * may elect to consider additional evidence before fulfilling its duty to discuss, on the record, its reason for making its sexual offender classification finding, although the trial court is not obliged to consider additional evidence." State v. Allen, Montgomery App. No. 19097, 2002-Ohio-2704, 2002 WL 1092567, at *2. The trial judge presided over both of Bryant's hearings and was free to reexamine the evidence presented at Bryant's first hearing. In addition, the pre-sentence investigation and forensic evaluation were admitted into evidence at the second hearing by stipulation. Thus, Bryant's assertion that no evidence was presented is incorrect. We note that we did not conclude in our prior decision in this case that the evidence before the trial court in Bryant's first hearing failed to meet the clear and convincing standard. We concluded that "it would be premature for us to now consider the weight of the evidence issue." Id. at ¶ 13.
 {¶ 30} Bryant also contends that the trial court erred in classifying him as a sexual predator, because the hearing did not meet the requirements of R.C. 2950.09(B)(2), in that portions of the admitted documents were not identified to show, by clear and convincing evidence, that Bryant is likely to engage in sexually oriented offenses in the future. Specifically, Bryant contends that "he was not provided a hearing in which the Prosecutor identified on the record those portions of the Trial transcript, victim impact statements, pre-sentence report, and other pertinent aspects of Defendant's criminal and social history that both relate to the factors set forth in O.R.C. 2950.09(B)(2) which are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offense [sic]. Neither did the Court identify any such portions of the record." In other words, Bryant argues that the first and third guidelines in the Ohio Supreme Court's model procedure for sexual offender classification hearings were not met.
 {¶ 31} In Eppinger, 91 Ohio St.3d at 166, the Ohio Supreme Court stated that its first guideline in the model procedure for sexual offender classification hearings is as follows:
 {¶ 32} "First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, * * * the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal."
 {¶ 33} We conclude that a record was created for review in this case. Both parties stipulated to the pre-sentence investigation and forensic evaluation being admitted. The same trial judge presided over the jury trial and both sexual offender classification hearings, and the trial court indicated that it reviewed the record, the pre-sentence investigation, the victim impact statements and forensic evaluation in making its decision. We conclude that a record of the evidence or testimony that the trial court considered was preserved for purposes of appeal.
 {¶ 34} The Ohio Supreme Court stated that its third guideline in the model procedure for sexual offender classification hearings is as follows:
 {¶ 35} "[T[he trial court should consider the statutory factors listed in R.C. 2950.09(B)(2) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Eppinger, 91 Ohio St.3d at 166.
 {¶ 36} R.C. 2950.09 provides, in pertinent part, the following:
 {¶ 37} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 38} "(a) The offender's or delinquent child's age;
 {¶ 39} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 40} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 41} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 42} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 43} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 44} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 45} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 46} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 47} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 48} The record shows that the trial court made the following ruling at Bryant's second hearing:
 {¶ 49} "THE COURT: Thank you. The record should also note that this — I was the trial judge. I'm familiar with the facts of this case. I've also reviewed the record, the pre-sentence investigation, the victim impact statements and the evaluation of the defendant pursuant to 2950.09. It's been formed by the Forensic Psychiatry Center for Western Ohio, the evaluation and report which has been stipulated to was performed by Dr. Susan Dyer a PSYDI. All reports again have been stipulated to. Court has reviewed and based its decision on the pre-sentence investigation. The evaluation, the statements, along with the defendant's criminal and social history that relate to the factors that are set forth in 2950.09 B2 which are appropriate of the issue whether this offender James Bryant Talmadge [sic] is likely to engage in the future in one or more sexually oriented offenses. The defendant — Court would also note that the defendant was also convicted of rape which is a sexually oriented offense. The Court has also specifically reviewed the report an [sic] findings of the evaluation by Dr. Dyer and the Court has also considered the statutory factor set forth in 2950.09 B23 or the House Bill 180 screening. These factors are as follows: In regard to the Court would find that at the time of this offense the defendant was forty years of age, that's factor A. Factor B is his prior criminal record. He has a prior criminal record, extensive criminal record which involves some offenses of violence excluding a domestic violence that was reduced to disorderly conduct and aggravated menacing and a reckless endangering and as well as the incident offense of rape. In regard to factor C the age of the victim I believe she was an adult female at this time, the former live in of Mr. Bryant.
 {¶ 50} "According to the evaluations places Mr. Bryant at a higher risk for recidivism. D Whether the sexually oriented offense were the sentences imposed involved multiple victims, that did not. Whether the offender used drugs or alcohol to impair his victim or to prevent her from resisting, he did not. However the fact showed that he overpowered his victim physically and forcefully. F has he been previously convicted of another offense, whether the offender completed any sentence imposed. He had been recently I think released from prison within the few weeks prior to this offense and was still on either parole or post release control status. He has no mental illness or any other mental disability. H the nature of the offender's sexual conduct was a forceful rape. The victim suffered psychological and physical injuries. It was an anal rape. `I' whether the offender during the commission of the sexually oriented offense for which the sentence is to be imposed had to display cruelty. The Court finds he did display cruelty it was a forceful rape. And J an [sic] the other behavioral characteristics that contribute to the offenders conduct. I think he was on parole at the time and recently been released from prison. It was a forceful rape, his age. His relationship to the victim in this case as well as his continual denial that this was nothing more than normal sex.
 {¶ 51} "Based upon all these factors on which the Court bases its decision. The Court has considered the statutory factors which has been set forth in 2050.09 B2 and 3 or the House Bill 180 screening. I considered all the other statements, the pre-sentence investigation. And I've considered the evaluation by the forensic center and the Court would find by clear and convincing evidence that this defendant is a sexual predator and is likely to engage in the future in sexually oriented offenses. The Court has therefore determined that Mr. Bryant is a sexual predator pursuant to 2050.09 B."
 {¶ 52} We conclude that the trial court considered the statutory factors listed in R.C. 2950.09(B)(2) and discussed on the record the particular evidence and factors upon which it relied in making its determination regarding the likelihood of recidivism. The trial court indicated that it reviewed the record, the pre-sentence investigation, the victim impact statements and the forensic evaluation in making its decision. The trial court then made findings corresponding to each factor. We conclude that the trial court identified the particular evidence and the factors listed in R.C. 2950.09(B)(2) upon which it relied.
 {¶ 53} Bryant's sole Assignment of Error is overruled.
 III {¶ 54} Bryant's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.